DAVID L. OLSON, ESQ. (Bar No. 49107)
LAW OFFICES OF DAVID L. OLSON
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone (510) 446-7844
Facsimile (510) 446-7845
Email david@dlolegal.com

Proposed Attorney for Debtors In Possession
Daniel E. Davis and Constance J. Davis

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN Re:<br>DANIEL E. DAVIS AND CONSTANCE J. DAVIS,<br><br>Debtor, | Case No. 12-42401<br><br>Chapter 11<br><br>DECLARATION OF DAVID L. OLSON, ESQ IN SUPPORT OF DEBTORS IN POSSESSION APPLICATION TO EMPLOY HIM AS THEIR ATTORNEY UNDER 11 USC § 327; |

I, David L. Olson, declare as follows:

1.  I am a principal in the Law Offices of David L. Olson and an attorney licensed to practice in the State of California, the United States District Court for the Northern District of California and the United States Bankruptcy Court. My offices are located at 1300 Clay Street, Suite 600, Oakland, California 94612. This declaration is made on my own personal knowledge, and if called upon to testify thereto, I would and could do so competently.

2.  Debtors Daniel E. Davis and Constance J. Davis ("Applicants") filed their Petition under Chapter 11 of the United States Bankruptcy Code on March 17, 2012 in the Northern District of California. Applicants retained me to represent them in connection with the

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
180 Grand Avenue, Suite 700
Oakland, California 94612
(510) 835-0500

preparation of said Petition and desire to employ me as their attorney to perform professional services, after the filing of the Petition under Chapter 11, including but not limited to the preparation and filing of schedules and monthly reports that may be required concerning their assets and liabilities, their business operations, the continuation of their business operations, the source of any money or property acquired or to be acquired by the Applicants for purposes of consummating a plan or reorganization (the "Plan"), the retention of professionals to assist the Applicants in the formulation of a Plan, the preparation of a disclosure statement, appearance at the confirmation hearing, any adjourned meetings thereof, the preparation of a final report and account relating to any Plan submitted to the Court, the U.S. Trustee and creditors of the Applicants, evaluate and pursue any legal rights and remedies available to the Applicants through adversary proceedings and contested bankruptcy matters and such other matters relevant to the case or formulation of the Plan.

3. I was initially contacted by Debtor Daniel E. Davis on March 14, 2012 about representing him and his wife in connection with their dealings with the holder of a second trust deed on their residence located at 5700 Greenville Rd. Livermore, California 94550 and a foreclosure sale against the property under said deed of trust scheduled for March 19, 2012 at 12:00 p.m.

4. On March 15, 2012, I agreed to represent Applicants in an initial review of the facts and law relevant to their legal rights and remedies. I also advised them that I would assist in the preparation of a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code and the schedules and pleadings necessary to file said petition on or before March 19, 2012.

5. On March 16, 2012, I received a retainer from Applicants against the fees and costs incurred on their behalf leading up to the filing of their Chapter 11 proceeding. I have billed my fees and costs against this retainer for my services provided to Applicants through the time of their filing on March 17, 2011. These fees and the filing fee amounted to $ 3,745.88. The balance of the retainer in the amount of $ 6,254.12 remains in my Client Trust Account subject to

disbursement according to the requirements and orders of this Court.

6. Thereafter, I agreed to represent Applicants in their Chapter 11 proceeding, subject to approval of my representation by the Bankruptcy Court. Attached hereto as Exhibit A is the Proposed Client – Attorney Fee Agreement (the "Agreement") that I request be approved by the Court with respect to said representation. The Agreement provided for an hourly rate of $ 213.75 an hour for the professional services rendered by me on behalf of the Applicants as members of the Legal Shield Pre Paid Legal Service Plan.

7. I also agree to file such professional fee statements for future disbursements and withdraw funds from the approved retainer in accordance with the U.S. Trustee guidelines and/or requirements of the Northern District of California. I agree to provide Applicants with monthly statements for services rendered on their behalf and to submit applications to the Court for interim compensation and reimbursement of any costs advanced on behalf of the Debtors.

8. Other than as stated herein, I have no other connection with the Applicants, their creditors, or any other party in interest, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee. Neither have I agreed to share with any person or entity any compensation I may receive in connection with this employment, unless they are an employee or associate of my law firm.

9. Furthermore, I believe that I am "disinterested" and do not hold or represent an interest adverse to the estate as described in 11 USC § 327 (a).

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United States.

Executed March 23, 2012 in the City of Oakland, State of California.

David L Olson

DECLARATION OF DAVID L. OLSON, ESQ. IN SUPPORT OF DEBTORS IN POSSESSION APPLICATION TO EMPLOY HIM AS THEIR ATTORNEY UNDER 11 USC § 327
CASE NO. 12-42401                                                                                                                          Page 3

# EXHIBIT A

*LAW OFFICES OF DAVID L. OLSON*
*1300 Clay Street, Suite 600*
*Oakland, California 94612*
*Telephone: (510) 446-7844*
*Facsimile: (510) 446-7845*

March 15, 2012

ATTORNEY-CLIENT FEE CONTRACT

This document (the "Agreement") is the written fee contract that California law requires lawyers to have with their clients. *We* ("LAW OFFICES OF DAVID L.OLSON.") will provide legal services to Daniel Davis and Connie Davis dba Red Feather Winery (hereinafter "*You*") on the terms set forth herein below:

1. CONDITIONS. This Agreement will not take effect, and We will have no obligation to provide legal services, until You return a signed copy of this Agreement.

2. SCOPE OF SERVICES. You are hiring us as your attorneys with respect to filing a Chapter 11 proceeding in the United States Bankruptcy Court and/or negotiating a reorganization of your unsecured and/or a modification of your secured real property debt and matters related thereto. Your pre-paid legal plan provider LegalShield fka Pre-Paid Legal, Inc and Parker-Stanbury have advised us that you are entitled to Title V benefits under your LegalShield Plan. These benefits entitle you to payment of the services provided by us at the reduced hourly rate that we provide members of LegalShield. You will also be responsible for Court costs and other out of pocket expenses, over and above the fees you will be responsible for under your Title V benefit.
We will provide those legal services reasonably required to represent You in connection with this matter up to the date of filing your Chapter 11 Petition and those legal services reasonably required after the filing of the Chapter 11 petition. We will take reasonable steps to keep you informed of progress and to respond to your inquiries both prep petition and post petition. Unless You and We make a different agreement in writing, this Agreement will govern all future services We may perform for You.

3. CLIENT'S DUTIES. You agree to be truthful with us, to cooperate, to keep us informed of developments, to abide by this Agreement, to pay our bills on time, and to keep us advised of your address, telephone number and whereabouts. You also agree to sign such conflict letters as We deem necessary for our continued joint representation of your respective interests in this matter. Failure to sign such conflict letters will be grounds for our withdrawal as your attorneys of record in this matter.

4. MINIMUM FEE DEPOSIT. You agree to pay us your an initial Advance of $ 10,000.00 to be credited against the time spent on your matters and out of pocket costs incurred in the performance of our services both pre petition and post petition after appointment by the Court as your attorney of Record..

310029.1

Whenever your initial deposit is exhausted, We reserve the right, subject to Court approval, to request further advances; each up to a maximum of $ 3,000.00 to be applied against said services and out of pocket costs.

5. LEGAL FEES AND BILLING PRACTICES. You agree to pay by the hour at our prevailing rates for the time spent by our legal personnel on the matters that we handle on your behalf. Our current hourly rates for legal personnel (and other billing rates) are set forth on the attached Rate Schedule. The Rate Schedule also provides for periodic increases.

Among other things, We will charge You for the time spent on telephone calls relating to your matters, including calls with you, other counsel, consultants, experts or other persons related to providing the services described in the Rate Schedule. The legal personnel assigned to your matter will confer among themselves as required. When they do confer, each person will charge for the time spent. We will charge for travel time, both local and out of town.

6. COSTS AND OTHER CHARGES.

(a) *In General:* We will incur various costs and expenses in performing legal services under this Agreement. You agree to pay for those costs and expenses in addition to any legal fees. The costs and expenses commonly incurred include long distance telephone calls, messenger and other delivery fees, postage, parking and any local travel expenses, photocopying, and other reproduction costs. Except for the items listed on the Rate Schedule, all costs and expenses will be charged at our cost.

(b) *Out-of-Town Travel:* If required, You agree to pay transportation, meals, lodging and all other costs for any necessary out-of-town travel by our personnel, subject to your prior authorization and permission to incur said costs. You will also be charged the hourly rates for the time that legal personnel spend traveling.

(c) *Experts, Consultants and Investigators:* To aid in our representation or in preparation and presentation of matters on your behalf, it may become necessary to hire expert witnesses, consultants or investigators. We will not hire such persons unless You agree to pay their fees and charges. We, with your agreement, will select any expert witnesses, consultants or investigators to be hired.

8. BILLING STATEMENTS. Other than as described in Paragraph 4, We will send You monthly statements setting forth the costs incurred. Each statement will be payable within 15 days of its date. You may request a statement at intervals of no less than 15 days. If you do, we will provide one within 5 days.

9. LIEN. You hereby grant us a lien on any and all claims or causes of action which are the subject of our representation under this Agreement. Our lien will be for any sums owing to us at the conclusion of our services.

10. DISCHARGE AND WITHDRAWAL. You may discharge us at any time. We may withdraw with your consent or for good cause. *Good Cause* includes your breach of this Agreement, refusal to cooperate with us or to follow our advice on a material matter, or any fact or circumstance which would render our continuing representation unlawful or unethical. When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude we will, upon your request, deliver your file to You, along with any excess funds or property of yours in our possession.

11. DISCLAIMER OF GUARANTEE. Nothing in this Agreement, and nothing in our statement to You, will be construed as a promise or guarantee about the outcome of any matter undertaken on your behalf. We make no such promises or guarantees. Our comments about the outcome of your matters are expressions of opinion only.

12. EFFECTIVE DATE. This Agreement will take effect when you have performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date legal services were first rendered. The date at the beginning of this Agreement is for reference only.

LAW OFFICES OF DAVID L OLSON.

By: _____
DAVID L OLSON

I have read and understand the foregoing terms, as well as those set forth on the attached Rate Schedule, and agree to them as of the date the LAW OFFICES OF DAVID L. OLSON last provided services as describe herein.

_____           _____
DANIEL DAVIS                                                              CONNIE DAVIS

Address:

# EXHIBIT A

## RATE SCHEDULE

A. **Identification**

   CLIENT: Daniel Davis & Connie Davis dba Red Feather Winery

   MATTER: Chapter 11 Reorganization

B. **Hourly Rate for Legal Services**

   | | |
   |---|---|
   | David L. Olson, Esq: | $ 213.25.00/hour |
   | Associates: | $ 175.00/hour |
   | Paralegals: | $ 55.00/hour |
   | Law Clerks | $ 35.00/hour |

C. **Standard Charges**

   We charge for our time in minimum units of .1 hours.

D. **Costs and Expenses**

   | | |
   |---|---|
   | In-office photocopying | $.25/page |
   | Mileage | $.25/mile |
   | Computerized legal research | varies/page |
   | Word Processing | $0/page |
   | Other computer time | varies/page |

/
/
/
/
/
/

310029.1

## E. Subject to Change

The rates on this schedule are subject to change upon 60 days written notice. If you decline to pay any increased rates, we will have the right to withdraw as your attorneys.

                      LAW OFFICES OF DAVID L. OLSON

                      _____

                      DAVID L. OLSON, ESQ.


                      _____

                      DANIEL DAVIS


                      _____

                      CONNIE DAVIS