DAVID L. OLSON, ESQ. (Bar No. 49107)
LAW OFFICES OF DAVID L. OLSON
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 446-7844
Facsimile: (510) 446-7845
Email: david@dlolegal.com

Attorney for Debtors Daniel E. Davis
and Constance J. Davis

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN Re:<br><br>DANIEL E. DAVIS and CONSTANCE J. DAVIS,<br><br>        Debtors in Possession, | Case No. 12-42401 RLE 11<br><br>Chapter 11<br><br>DEBTORS' OPPOSITION TO SECURED CREDITOR'S MOTION FOR RELIEF FROM AUTOMATIC STAY |

## I.  INTRODUCTION

The motion of Donald Raymond Klein and Peggy Ruth Klein, Trustees of the 1994

Donald Raymond Klein and Peggy Ruth Klein Revocable Trust as to an undivided 44%, VDC

Capital Resources, L. P. as to an undivided 28% interest and Martha Jean Klein, Trustee of the

Martha Jean Klein Survivor's Trust as to an undivided 28% interest (hereinafter "Secured

Creditor") for relief from the automatic stay must be denied.  Daniel E. Davis and Constance J.

Davis ( hereinafter " Debtors") have equity in the property (the Property) which is the subject of

the Secured Creditor's motion, it is essential to a successful reorganization and it is not declining

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

in value. Furthermore, the Debtors have proposed, subject to Court approval, to sell or refinance the Property for an amount well in excess of the Secured Creditors debt against the Property. As such, the Property is essential to Debtors' reorganization plan to pay their secured and unsecured creditors.

The facts set forth herein, the Declaration of Daniel E. Davis and in the Declaration of Gerarda Stocking submitted in support of and contemporaneously with this opposition, establish that Secured Creditor is not entitled to relief from the automatic stay under either 11 U.S.C. 362 (d) (1) or 11 U.S.C. 362 (d) (2).

## II. <u>FACTS</u>

A.     The Parties

The Debtors purchased the Property located at 5700 Greenville Road Livermore, California in December 2006 for $ 2,200,000.00. Since that date they have invested approximately $ 50,000.00 in capital improvements to the Property and efforts to develop the Red Feather Winery brand and label. World Savings and Loan Association provided a first loan of $ 1,040,000.00 to Debtors to purchase the Property and Secured Creditors financed a portion of the purchase price as evidenced by the Promissory Note for $ 340,000.00 and Deed of Trust attached to their motion as Exhibits 1 and 2.

B.     The Property

1.     General Description

The property consists of approximately 23 acres of land, with 6.14 acres planted in mature, producing cabernet sauvignon grape vines. It also has a three bedroom/2 bath ranch style residence build in approximately 1984, an out building used for wine making purposes, a tasting room used for the Debtors' Red Feather Winery and Family Vineyard and a separate tasting room leased to another winery for its use in its retail sales operations.

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.    Value of the Property

As set forth in the Declaration of Gerarda Stocking filed herewith, it is her opinion that the Property should be listed at a price of $ 1,995,000.00, in the current market and that it will sell within a reasonable time at or near said price given that she believes the Livermore Valley area is entering a rising market. Ms. Stocking had been a Real Estate Appraiser certified by the National Association of Real Estate Appraisers ("N.A.R.E.A.) and a Certified Residential Specialist and based on comparable properties that she and her brokerage firm have sold or listed over the past 10 years she believes that this listing price is realistic and reasonable given the market circumstances.

As stated in the Declaration of Daniel E. Davis, Debtors did receive prior to filing the Petition herein, a written offer for the Property of $ 1,700,000.00. For reasons important to Debtors, including generating sufficient funds to pay their unsecured creditors, they rejected the offer.

Secured Creditor has failed to allege any admissible facts to support the argument that the Property is worth less than, or no more than, the current alleged indebtedness secured by the Property. Not only did Secured Creditors Motion fail to offer the opinion of a licensed Real Estate Appraiser or even a licensed Real Estate Broker as to the fair market value of the Property, it failed to mention or consider current sales or listings for properties in the area that are of similar size to the subject Property.

Furthermore, as stated in the Declaration of Gerarda Stocking, real estate prices for property in the Livermore area comparable in size and nature to the subject Property are not declining in value, and in fact, have begun to rise as the economic recovery in the area begins to take hold.

3.      Liens on the Property

The first lien on the Property is held by Wells Fargo Bank ("Bank"). The Bank's claim against the Debtors amounts to approximately $ 1,040,000.00 and Secured Creditor's alleged lien against the subject Property is $ 360,000.00 as stated in the Relief From Stay Cover Sheet, for an aggregate secured lien amount of $ 1,400,000.00. Property tax obligations with respect to the Property are current. There are no other liens against the Property. See Declaration of Daniel E. Davis.

### III.  RELIEF FROM THE AUTOMATIC STAY IS PREMATURE AND NOT WARRANTED UNDER THE FACTS

A.      Requirements of 11 U.S.C. section 362 (d) (1) and (2).

Pursuant to 11 USC 362 (g) the party requesting relief from the stay bears the burden of proof on the debtor's equity in the property. See also, Suntrust Bank v. Global One, L.L.C. (In re Global One, L.L.C), 411 B.R. 524, 526 (Bankr. S.D. Ga. 2009). However, the creditors own motion concedes that "absent a full walkthrough appraisal" the value of the property "can be difficult to gauge." (Creditors' Motion Pg. 4:27-28.) Despite this concession the creditors then speculate that there is a lack of equity in the property. (Creditors' Motion Pg. 6:26-27.)  Caselaw indicates that in making a determination on the fair market value of a property, "the court can only endeavor to make a reasonable estimate of value based upon expert testimony presented to it in court." In re Park West Hotel Corp., 64 B.R. 1013, 1020 (Bankr. D. Mass. 1986) (citing reference and internal quotations omitted.) In the instant matter, creditors' assertion that the property lacks equity is made without any declarations from appraisers or expert witnesses but instead relies solely upon the speculation of the creditors' attorney based upon his review of prior sales listings and his review of Debtors' Schedules. (Creditors' Motion Pg.5:1-6:26.)

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

In order to be successful in establishing a right to relief for automatic stay, Secured Creditor bears the burden of establishing that the Debtors do not have any equity in the Property and that it is not necessary to an effective reorganization. In Re Dunes Casino Hotel, 69 B.R. 784, 792 (Bankr. D.N.J. 1986). Furthermore, Secured Creditor is required to establish these facts by admissible evident, which they have failed to do.

The only statement that Secured Creditor makes with respect to the issue of equity is at Page 3, Lines 2-4 to their Motion which states "As of the date of filing of this motion, it is believed by Creditor that the current market value of the Property may or may not exceed the total of all liens against the property ($ 1,400,000.00)."

Accordingly, Secured Creditor's unsupported contention and argument that the Debtor's have no equity or equity cushion in the Property must be ignored by the court and this motion denied.

B.     The Debtors have Equity in the Property

As reflected in the uncontroverted Declaration of Gerarda Stocking the current estimated fair market value of the Property is $ 1,875,000.00. The Debtors are currently seeking the Court's approval to retain Stocking Real Estate & Investments to find a willing buyer of the Property or refinance the indebtedness, subject to Court approval.

Secured Creditor has failed to provide any admissible evidence to support a current fair market value below that presented by Debtors. That fact alone warrants a denial of Secured Creditors motion for relief from the automatic stay.

C.     The Property is Necessary to an Effective Reorganization

This case is less than four months old. The exclusivity period for submitting a Plan of Reorganization is scheduled to expire on or about July 17, 2012.The Debtors intend to file a request with the Court to extend the exclusive right to submit a Plan of Organization for an

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

1    additional 60 to 90 days, thus extending it to on or about September 17, 2012.

2        In the initial phases of a Chapter 11 case the standard by which a debtor must show that it

3    will be able to reorganize is less stringent than later in the proceeding. To suggest otherwise in the

4    early stages of a Chapter 11 case would require a court to come to the conclusion that the Debtors

5    lack any realistic prospect of effective reorganization before they have been able to file a

6    proposed plan. In the instant case, Secured Creditors have failed to provide any credible or

7    admissible evidence to support such a conclusion by the Court and thus, at the very least an

8    equitable presumption should support Debtor's position that the Property is essential to their

9    effective reorganization. In Re Willowood East Apartments of Indianapolis II, Ltd., Debtor, 113

10   B.R. 392, (Bankr. S.D.Oh. 1990).

11       With a proposed sale or refinancing of the Property a reasonable prospect as a result of

12   Debtors efforts there is no basis to conclude that the Property is not necessary to an effective

13   reorganization. A sale or refinancing of the Property will allow the Debtors to satisfy the allowed

14   claims of all creditors of the Debtors, not simply the claim of this Secured Creditor.

15       As the court stated in In Re Esientragerz, 102 B.R. 181, 182 (Bankr. W.D. Mo. 1989):

> Even were the Court to find that debtor had no equity in the
> property, the result would not vary.  At this stage in the
> proceedings (some two months after filing) the Court does not
> believe that there is a lack of "a likelihood of successful
> reorganization.  Somewhat like the ratios, rules and formulas of
> long ago Physics Classes, there might be said to be a formula that
> Bankruptcy Judges may apply. In such terms it perhaps could be
> stated as follows:  The quantum and quality of evidence, as to the
> likelihood of successful reorganization, needed to defeat a motion
> to lift stay, is inversely proportional to the length of time from the
> petition date.
> Or for lawyers without the benefit of scientific undergraduate
> studies, it might be stated:  "The older the case, the better it has to
> look". Based on either statement, this proceeding satisfies the
> requirement of potential successful reorganization and a necessity
> of the sought after property to effect such result.

There is equity in the Property. Moreover, the Property is necessary for the Debtors' reorganization. A sale of the Property is a reasonable prospect. Even if there was no equity in the Property, Secured Creditor would not be entitled to relief under 11 U.S.C. section 362 (d)(2) at this stage of the proceeding as the debtors have a realistic prospect for reorganization.

D.  Secured Creditor's Interest in the Property is Adequately Protected.

As evidenced by the Declaration of Gerarda Stocking there is an equity cushion in the Property above the amount of Secured Creditors' claim. This equity cushion provides Secured Creditor with adequate protection. As stated by the Court of Appeals for the Ninth Circuit in Pistole v. Mellor (In re Mellor) 734 F.2d 1396, 1400, (9th Cir. 1984):

> "The existence of an equity cushion as a method of adequate protection… is the classic form of protection for a secured debt justifying the restraint of lien enforcement by the bankruptcy court … In fact, it has been held that the existence an equity cushion, standing alone, can provide adequate protect…A sufficient equity cushion has been found to exist althoughnot a single mortgage payment had been made."

Furthermore, a secured creditor's interest in collateral is adequately protected if the collateral is not declining in value and there is little or no threat to the status quo of Secured Party's risk in this matter. In Re McCombs Properties VI, Ltd. 88 B.R. 261, (Bankr. C. D. Cal. 1988); In Re Connecticut Pizza, Inc., Debtor. 193 B.R. 217, (Banktcy.D.Md 1996).

## IV.  CONCLUSION

Secured Creditor is not entitled to relief under either 11 U.S.C. section 362 (d)(1) or 11 U.S.C. (d)(2). The Debtors have equity in the Property. The Property is necessary to the Debtors' reorganization, which is in prospect. The Property is not declining in value. Secured Creditor's interest in the Property is adequately protected. The facts set forth above and in the Declaration and exhibits thereto submitted in support of this Opposition establish that Secured Creditor's request for relief from the automatic stay must be denied.

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844

1    WHEREFORE, the Debtors respectfully request that the court deny Secured Creditor's

2 Motion in its entirety.

3

4       Dated: May 14, 2012                    LAW OFFICES OF DAVID L. OLSON

5

6

7    BY: _____
                                         DAVID L. OLSON, ESQ.
8                                        Attorneys for Debtors

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF DAVID OLSON , ESQ.
ATTORNEY AT LAW
1300 CLAY STREET, Suite 600
Oakland, California 94612
(510) 446-7844